NUMBER 13-02-498-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI-EDINBURG


 



JUAN BUENDIA, SR., AND AURELIA BUENDIA, Appellants,



v.




ADVANTA MORTGAGE CORP.-USA , Appellee.

 



On appeal from the 36th District Court 


of San Patricio County, Texas.


 



 M E M O R A N D U M O P I N I O N






Before Justices Rodriguez, Castillo and Wittig (1)

Opinion by Justice Wittig

 This is a summary judgment case involving a $7.36 interest charge, a 1993 unauthorized charge later dropped, and a
prospective payoff statement charge of $10.00. We adopt appellee Advanta Mortgage Corp.-USA's de minimus argument
on the $7.36 charge, find that the 1993 charge is moot, and hold that a request for a future payment is not a present "charge"
that gives rise to a finance code violation. See Tex. Fin. Code Ann. § 345.082(b) (Vernon 1998). As modified, we affirm
the judgment of the trial court.

I

 Appellants, Juan and Aurelia Buendia (the Buendias), appeal an adverse summary judgment under the traditional or
"senior" summary judgment rule. See Tex. R. Civ. P. 166a(c). They accused Advanta of unlawful finance charges and
overreaching. In 1988, the Buendias signed a retail installment contract with a siding company to improve their home. The
retail installment contract was assigned to Goldome, who sold or assigned the contract to Advanta. The Buendias
requested a payoff quote from Advanta in July 2000. Advanta responded that they owed it a $2,605.70 advance for
insurance dating back to 1993. Advanta also claimed interest charges of $7.36 on a past-due balance of $201.89. Advanta
further informed the Buendias that they would have to pay $10.00 for the nextpayoff quote-though the Buendias did not
incur this expense before the lawsuit or the summary judgment. Further factual recitation is unnecessary to this
memorandum opinion. See Tex. R. App. P. 47.4.

 II

 We review the trial court's granting of a motion for summary judgment de novo.Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi
2000, pet. denied). When reviewing a summary judgment under either the no-evidence standard or the traditional standard,
we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. 
Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.-Houston [1st
Dist.] 1999, no pet.). 

 III

 Although the Buendias list six issues, their argument attacks three aspects of the summary judgment: (1) the alleged
overcharge of $2,605.76; (3) the interest calculation of $7.36; and (3) the excess charge and demand for a payoff quote. 
Without reference to the record or the finance code, the Buendias contend Advanta demanded money they did not owe. 
Advanta pled and relied upon the "applicable statute of limitations." However, in its motion for summary judgment,
Advanta argued the general four year statute of limitations barred the action. See Tex. Civ. Prac. & Rem. Code § 16.051
(Vernon 1997). Advanta judicially admits that the sought after charge was "stale," dating back to 1993. In effect, Advanta
confesses this amount is not due, that is, Advanta effectively concedes the stale claim of $2,605.75 is barred by limitations,
which we hold necessarily applies to both parties under these circumstances. Because Advanta made no counterclaim for
its admittedly stale claim of $2,605.76, this charge is mooted under the compulsory counterclaim rule. See Tex. R. Civ. P.
97(a). Additionally, Advanta informed this Court at oral argument that this claim of $2,605.75 is not and was not being
pursued. In any event, the claim is barred by the applicable two or four year statute of limitations. We overrule this issue,
with the notation that all parties are barred from raising claims pertaining to this charge. 

 Next, both parties make much ado over a $7.36 interest charge on the purported balance of $201.89. The Buendias argue
that under the Texas Finance Code, a retail installment may provide either a $5.00 late charge or interest. Tex. Fin. Code
Ann. § 345.060 (Vernon 1998). Depending on how the $7.36 is calculated, if it is an interest charge, it may not be
excessive. We are however persuaded by Advanta's de minimus argument. Even were we to accede to the Buendias'
argument, we believe an excess charge of $2.36 is de minimus. (2) See Yates Ford, Inc. v. Ramirez, 692 S.W.2d 51, 54
(Tex. 1985). We overrule this issue.

 Finally, the Buendias complain about a purported charge of $10.00 for a payoff quote. It is true, as they contend, the
finance code provides for one free statement in a six- month period and that the charge for each additional statement is
limited to $1.00. Tex. Fin. Code Ann. § 345.082(b) (Vernon 1998). However, the $10.00 in question was neither actually
charged by Advanta nor incurred by the Buendias. In a similar situation, we held that a statement indicating that a usurious
charge will be added, without further action, does not amount to a "charge" or current demand. Varel Mfg. Co. v. Acetylene
Oxygen Co., 990 S.W.2d 485, 492 (Tex. App.-Corpus Christi 1999, no pet.). The Buendias' final issue is overruled. The
judgment of the trial court is affirmed as modified by our holding in the first issue. 

Don Wittig 

Justice 

 

Opinion delivered and filed

this 21st Day of August, 2003. 

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex
Gov't Code Ann. § 74.003 (Vernon 1998).

2. The actual maxim is "de minimus non curat lex."